# EXHIBIT A

Circuit Court Case No. 2023L008954

**IN THE CIRCUIT COURT OF COOK COUNTY, IL**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
12/20/2024 2:50 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2023L008954
Calendar, R

| | |
|---|---|
| JERICO MATIAS CRUZ, | No. 2023L008954 |
| | Amount Claimed: $100,000.00 |
| Plaintiff, | |
| v. | Judge Michael F. Otto |
| FOREST GLEN ANIMAL | Calendar R |
| HOSPITAL et al., | |
| Defendants. | |

FILED DATE: 12/20/2024 2:50 PM    2023L008954

## PRO SE PLAINTIFF JERICO MATIAS CRUZ'S FIRST AMENDED COMPLAINT OF THE ILLINOIS SLANDER AND LIBEL ACT LAWSUIT AGAINST DEFENDANTS FOREST GLEN ANIMAL HOSPITAL, et al. PURSUANT TO 735 ILCS 5/2-603(a), 740 ILCS 145/2 AND 3

NOW COMES pro se Plaintiff Jerico Matias Cruz electronically files a first amended complaint for the Illinois Slander and Libel Act lawsuit against Defendants Innovative Parking Solutions, LLC, et al. for $100,000.00 monetary damages, punitive damages, and other relief that this Honorable Court may justify pursuant to 735 ILCS 5/2-603(a), 740 ILCS 145/2 and 3, in support thereof, and states as follows:

### INTRODUCTION

1. Pro Se Plaintiff Jerico Matias Cruz's physical and mailing address is located at 5135 N Keating Ave, Chicago, IL 60630 for more than twenty (20) years.

2. Pro Se Plaintiff Jerico Matias Cruz's year of birth is 1987.

3. Pro Se Plaintiff Jerico Matias Cruz is 37-year-old, single Asian-American male and Non-Hispanic / Filipino American descent.

FILED DATE: 12/20/2024 2:50 PM   2023L008954

4. Pro Se Plaintiff Jerico Matias Cruz has zero or no dependent, as required by his 298 Petition application.

5. Pro Se Plaintiff Jerico Matias Cruz drives a 2006 Black Honda Pilot with VIN No. 2HKYF18436H555244 from 2006 to Present.

6. Pro Se Plaintiff Jerico Matias Cruz is a combat veteran (Operation Enduring Freedom—Afghanistan Campaign Medal (("OEF-AFG"), 2009-2010) of the U.S. Army Special Operations, the U.S. Army, the U.S. Army Reserve, and the Illinois Army National Guard between March 30, 2006 and February 12, 2017 with Honorable Discharge from his Department of Defense ("DoD" or "DD") Form 214, also known as DD Form 214, and DoD

7. Defendant Forest Glen Animal Hospital's physical and mailing address is located at 5330 N Elston Ave, Chicago, IL 60630

8. Defendant Forest Glen Animal Hospital's phone and email address are 773 – 283 – 2443 and privacy@nva.com.

9. Defendant Caroline Bryson's physical and mailing address is located at 5330 N Elston Ave, Chicago, IL 60630.

10. Defendant Caroline Bryson's phone and email address are 773 – 283 – 2443 and privacy@nva.com.

11. Defendant NVA Forest Glen Veterinary Management's physical and mailing address is located at 5330 N Elston Ave, Chicago, IL 60630

12. Defendant NVA Forest Glen Veterinary Management's phone and email address are 773 – 283 – 2443 and privacy@nva.com.

13. DVM stands for Doctor of Veterinary Medicine.

## BACKGROUND

14. On or about November 9, 2021, pro se Plaintiff Jerico Matias Cruz adopted a mahogany and mixed labrador puppy from the city of Chicago's The Anti-Cruelty Society. *See* Exhibit A.

15. On or about November 2021, pro se Plaintiff Jerico Matias Cruz purchased and received a rabies vaccination tag from the Cook County Animal and Rabies Control, which was located at 10220 S 76th Ave, Rm. 251, Bridgeview, IL 60455 and dog registration tag from the Office of the Clerk of the city of Chicago, which was located at 121 N LaSalle St, Rm. 107, Chicago, IL 60602, as required by Section 07-12-140 of the Chicago Municipal Code. *See* Exhibit A.

16. On or about March 23, 2022, pro se Plaintiff Jerico Matias Cruz visited Old Orchard Apple Store, Skokie, Illinois to replace his broken charger adapter, which had been bitten by his service animal trainee named Quanta. *See* Exhibit A.

17. On or about March 23, 2022, Old Orchard Apple Store's manager and employees publicly removed and humiliated pro se Plaintiff Jerico Matias Cruz in front of their customers upon calling 9-11 for trespassing and falsely accused pro se Plaintiff Jerico Matias Cruz for abusing his service animal trainee named Quanta, while pro se Plaintiff Jerico Matias Cruz waited for his scheduled appointment in the Genius Bar area of Old Orchard Apple Store. (Pro Se Plaintiff Jerico Matias Cruz simultaneously filed an Illinois Human Rights Act – Public Accommodation discrimination complaint against Old Orchard Apple Store, Skokie, Illinois with Charge No. 2022CP1795.) *See* Exhibit A.

18. On or about March 23, 2022, the Village of Skokie Department of Police peace officers Irwin and Medina responded to 9-11 call coming from the Old Orchard Apple Store and

FILED DATE: 12/20/2024 2:50 PM    2023L008954

animal control officer named Maggi from the Village of Skokie Department of Animal Control to examine the signs and symptoms of physical abuse of pro se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta. *See* Exhibit A.

19. On or about March 23, 2022, the Village of Skokie Department of Animal Control officer named Maggi concluded that pro se Plaintiff Jerico Matias Cruz's service animal trained named Quanta had not been physically abused as stated in the Village of Skokie Department of Police's joined Original Case Incident Report No. 22-02370.

20. On or about March 23, 2022, pro se Plaintiff Jerico Matias Cruz was not satisfied with the physical examination conducted by the Village of Skokie Department of Animal Control named Maggie, and decided to look for an animal hospital or animal clinic that accepted walk-ins for physical examination. (Pro Se Plaintiff Jerico Matias Cruz learned that animal hospitals or animal clinics did not accept emergency services for domesticated animals for physical examination unless pro se Plaintiff Jerico Matias Cruz had a scheduled appointment; Quanta was pro se Plaintiff Jerico Matias Cruz's first service animal trainee or domesticated animal in Chicago, Illinois or the United States.) *See* Exhibits A and B.

21. On or about March 24, 2022, pro se Plaintiff Jerico Matias Cruz had pre-paid $45.00 of the total cost of $90.00 plus processing fee of the wellness examination at the Paws and Feather Veterinary Clinic, Inc. with the State of Illinois Office of the Secretary of State's file number 69293581, which was located at 3674 N Elston Ave, Chicago, IL 60618 or registered agent address: 4900 W Irving Park Rd, Chicago, IL 60641; Paws and Feathers Veterinary Clinic, Inc. set Quanta's scheduled appointment, dated March 28, 2022 without an X-ray. *See* Exhibit A.

FILED DATE: 12/20/2024 2:50 PM    2023L008954

22. On or about March 25, 2022, pro se Plaintiff Jerico Matias Cruz walked-in to Defendants Forest Glen Animal Hospital, et al. without a mask to inquire about the X-ray prices and physical examination prices without his service animal trainee or service dog trainee named Quanta at the first time. *See* Exhibit A.

23. On or about March 25, 2022, pro se Plaintiff Jerico Matias Cruz walked-in and returned to Defendants Forest Glen Animal Hospital, et al. with a mask from his 2006 Black Honda Pilot to pick-up his service animal trainee named Quanta for continue his inquiry about X-ray prices and physical examination prices. (Pro Se Plaintiff Jerico Matias Cruz decided to bring his service animal trainee named Quanta inside Defendant Forest Glen Animal Hospital's facility, so that Defendant Forest Glen Animal Hospital employees had a better idea of animal services that fitted for Quanta.) *See* Exhibits A and B.

24. On or about March 25, 2022, Defendant Forest Glen Animal Hospital's manager Natalie [Unknown Last Name] called 9-11 and the city of Chicago Office of Emergency and Management Communications' dispatcher, who dispatched 16th District CPD peace officer Kessel; Ofc. Kessel responded to Defendant Forest Glen Animal Hospital's facility, dated March 25, 2022. *See* Exhibit A.

25. On or about March 25, 2022, pro se Plaintiff Jerico Matias Cruz was neither arrested and criminally charged for criminal trespass by 16th District CPD peace officer Kessel at the Defendant Forest Glen Animal Hospital's facility upon refusing to leave the animal hospital. *See* Exhibit A.

26. On or about March 25, 2022, pro se Plaintiff Jerico Matias Cruz send an electronic mail ("Email") to PAWS Chicago Lurie Spay/Neuter Clinic to inquire about the price of full-body X-ray for his service animal trainee named Quanta and PAWS Chicago Lurie

FILED DATE: 12/20/2024 2:50 PM   2023L008954

Spay/Neuter Clinic replied and provided with different animal hospitals and clinics in the Chicagoland area, dated March 27, 2022. *See* Exhibit A.

27. On or about March 28, 2022, pro se Plaintiff Jerico Matias Cruz went to a scheduled appointment for wellness examination of his service animal trainee named Quanta at the Paws and Feathers Veterinary Clinic, Inc. *See* Exhibit A.

28. On or about March 28, 2022, Paws and Feathers Veterinary Clinic, Inc.'s DVM and Veterinary Assistants concluded that pro se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta had no signs and symptoms of physical abuse, which was similar to the physical examination results conducted by the Village of Skokie Department of Animal Control officer named Maggie. (For the records, pro se Plaintiff Jerico Matias Cruz had never informed or mentioned to Paws and Feathers Veterinary Clinic, Inc. about the alleged incident of false accusation of physical abuse of pro se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta at the Old Orchard Apple Store, Skokie, Illinois; pro se Plaintiff Jerico Matias Cruz had considered the Paws and Feathers Veterinary Clinic, Inc.'s physical examination of his service animal trainee named Quanta as a Blind Study or Examination, so that pro se Plaintiff Jerico Matias Cruz would not influence Paws and Feathers Veterinary Clinic, Inc.'s physical examination results of Quanta. *See* Exhibit A.

29. On or about June 14, 2022, pro se Plaintiff Jerico Matias Cruz had an emergency for his service animal trainee named Quanta and returned to Defendant Forest Glen Animal Hospital to revive or resuscitate Quanta, who suffered heatstroke due to heatwaves between June 13 and June 15, 2022, in accordance to Quanta's necropsy of Defendant Forest Glen Animal Hospital's employee named DVM Barichello. *See* Exhibit A.

30. On or about June 14, 2022, pro se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta was accepted by Defendant Forest Glen Animal Hospital during the emergency but Defendant Forest Glen Animal Hospital did not perform any emergency services as Quanta was dead on arrival. *See* Exhibit A.

31. On or about June 14, 2022, Defendant Forest Glen Animal Hospital's manager named Natalie [Unknown Last Name] explained in detail to pro se Plaintiff Jerico Matias Cruz about all the options of cremating the remain of his service animal trainee named Quanta. *See* Exhibit A.

32. On or about June 14, 2022, pro se Plaintiff Jerico Matias Cruz disagreed with the pricing of cremation for his service animal trainee named Quanta upon listening to the information and presentation of Defendant Forest Glen Animal Hospital's manager named Natalie [Last Name Unknown] about cremation. *See* Exhibit A.

33. On or about June 14, 2022, pro se Plaintiff Jerico Matias Cruz asked Defendant Forest Glen Animal Hospital's manager named Natalie [Last Name Unknown] about the cost of the emergency and Natalie suggested to waive the emergency fees or costs or expenses since Defendant Forest Glen Animal Hospital's DVM Barichello had not provided or performed or conducted any type of emergency services to revive pro se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta; Defendant Forest Glen Animal Hospital's DVM Barichello accepted pro se Plaintiff Jerico Matias Cruz's services animal trainee named Quanta for a possibility of resuscitate Quanta's life and yet there was no sign of life. *See* Exhibit A.

34. On or about June 15, 2022, the city of Chicago Department of Street and Sanitation picked-up the dead animal remains of pro se Plaintiff Jerico Matias Cruz's service animal

FILED DATE: 12/20/2024 2:50 PM 2023L008954

trainee named Quanta upon setting up an online schedule to pick-up a dead animal in front of 5135 N Keating Ave, Chicago, IL 60630. *See* Exhibit A.

35. On or about September 6, 2023, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District accepted the electronic filings of pro se Plaintiff Jerico Matias Cruz's Slander and Libel Act lawsuit against Defendants Forest Glen Animal Hospital et al. and 298 Petition pursuant to Ill. Sup. Ct. R. 298 and 740 ILCS 145/1 et seq. *See* Exhibit A.

36. On or about September 6, 2023, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District informed pro se Plaintiff Jerico Matias Cruz not to file the Summons against Defendants Forest Glen Animal Hospital because pro se Plaintiff Jerico Matias Cruz's 298 Petition needed to be granted by another Law Division's Cook County Judge to proceed with this Slander and Libel Act case. *See* Exhibit A.

37. On or about September 12, 2023, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District sent an electronic mail to pro se Plaintiff Jerico Matias Cruz about the delay of ruling for his 298 Petition to determine his eligibility for fee waiver without the supplemental financial information, such as 2022 Form 1040, etc. *See* Exhibit D.

38. On or about October 5, 2023, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District sent an electronic notice of in-person initial case management to pro se Plaintiff Jerico Matias Cruz. *See* Exhibit A.

39. On or about November 8, 2023, Judge Anthony C. Swanagan issued a court order for dismissal for want of prosecution from an in-person initial case management to pro se Plaintiff Jerico Matias Cruz's registered email with the Clerk of the Circuit Court of

Circuit Court Case No. 2023L008954

FILED DATE: 12/20/2024 2:50 PM 2023L008954

Cook County, Illinois, Law Division, First District, or his Illinois Odyssey account. *See* Exhibit D.

40. On or about November 8, 2023, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District accepted the electronic filings of pro se Plaintiff Jerico Matias Cruz's motion for continuance and extend time of in-person initial case management, dated November 8, 2023, pursuant to Ill. Sup. Ct. R. 231(c). *See* Exhibit E.

41. On or about November 29, 2023, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District accepted the electronic filings of pro se Plaintiff Jerico Matias Cruz's motion to vacate pursuant to 735 ILCS 5/13-217. *See* Exhibit E.

42. On or about December 19, 2023, Judge Kathy M. Flanagan granted pro se Plaintiff Jerico Matias Cruz's 298 Petition application and reinstated this civil case. *See* Exhibit D.

43. On or about September 9, 2024, the Clerk of the Circuit Court of Cook County, Illinois, Law Division, First District accepted the electronic filings of pro se Plaintiff Jerico Matias Cruz's first amended motion to vacate pursuant to 735 ILCS 5/13-217. *See* Exhibit E.

44. On or about July 13, 2024, pro se Plaintiff Jerico Matias Cruz released Book No. called "POETRY IS LIFE. Life is All, But A Game of Chance." 45 Invisible Teachings by Jerico Matias Cruz in which #quantathedog was featured on page 79 of the book. *See* Exhibit C.

45. On or about September 26, 2024, Judge Michael F. Otto issued a court order to strike the motion hearing schedule. *See* Exhibit D.

46. On or about October 17, 2024, Judge Michael F. Otto issued a court order to deny in part the currently filed motion to vacate the dismissal for want of prosecution, which was

considered a moot, and granted in part the motion to vacate the dismissal for want of prosecution, which was vacated, dated December 19, 2023; Judge Michael F. Otto allowed pro se Plaintiff Jerico Matias Cruz to file a first amended complaint before or on November 14, 2024, and continued the matter for status hearing on December 17, 2024 at 10:30 AM CST at courtroom no. 2208. *See* Exhibit D.

47. On or about November 12, 2024, pro se Plaintiff Jerico Matias Cruz shows his twenty (20) years of Illinois residency or Chicago residency at 5135 N Keating Ave, Chicago, IL 60603 by filing three (3) Chicago Police Department ("CPD") Original Case Incident Reports with CPD RD Nos. JH504503, JH498968 and JH495513 for criminal damage to vehicle and theft over $500 inside his 2006 Black Honda Pilot for keying his vehicle, and for a missing social security card and a U.S. Citizenship certificate. *See* Exhibit B.

48. On or about December 17, 2024 at 10:30 AM CST, pro se Plaintiff Jerico Matias Cruz attended an in-person status hearing before Judge Michael F. Otto at courtroom no. 2208, who issued a court order to extend the deadline of filing a first amended complaint before or on December 31, 2024 in which Defendants Forest Glen Animal Hospital must be served or this civil case is subject to dismissal, and continued the matter on January 9, 2024 at 10:30 AM CST. *See* Exhibit D.

49. On or about December 19, 2024, pro se Plaintiff Jerico Matias Cruz updated his chronological resume. *See* Exhibit G.

50. On or about December 20, 2024, pro se Plaintiff Jerico Matias Cruz attached his affidavit as to military service with his first amended complaint of the Slander and Libel Act lawsuit against Defendants Forest Glen Animal Hospital, et al. on Exhibit F, including DD Form 214 and NGB Form 22. *See* Exhibit F.

FILED DATE: 12/20/2024 2:50 PM   2023L008954

FILED DATE: 12/20/2024 2:50 PM    2023L008954

Circuit Court Case No. 2023L008954

## LEGAL STANDARD

51. Illinois circuit courts operate under the Rules of the Supreme Court of Illinois, Code of Civil Procedure of Illinois, Illinois Rules of Evidence, Illinois Compiled Statutes, Illinois Constitution, Illinois Public Acts, and Illinois Governor's Executive Order(s).

52. Law Division or civil proceedings follow the codified rules of the Code of Civil Procedure of Illinois.

53. Illinois circuit courts adjudicate pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit and prima facie evidence attached on Exhibits A, B, C, D, E, F, and G or A-G in accordance with material facts of the law.

54. Defendants Forest Glen Animal Hospital, et al. shall answer pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit after an issuance of summons within twenty-eight (28) court/business days.

55. Any responsive statutes or laws should be applied when Illinois circuit courts cross-examine prima facie evidence and material facts by following the Rules of Supreme Court of Illinois and Illinois Rules of Evidence during civil proceedings.

56. Illinois circuit courts are fact-pleading state courts.

57. In *LaSalle Nat. Trust, N.A., v. Village of Mettawa* and *Lawson v. City of Chicago,* pro se Plaintiff Jerico Matias Cruz sets out ultimate facts, which support his causes of action and legal conclusions supported by allegations of a specific fact that are sufficient. *See LaSalle Nat. Trust, N.A. v. Village of Mettawa,* 249 Ill. App. 3d 550, 557 (2d Dist. 1993); *Lawson v. City of Chicago,* 278 Ill. App. 3d at 634.

FILED DATE: 12/20/2024 2:50 PM   2023L008954

58. Pro Se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit deems properly filed on proper venue and is lawfully dealt with subject matter jurisdiction.

59. Pro Se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit is constructed simply and conservatively, which is guided by the Code of Civil Procedure of Illinois.

60. In *Mt. Zion St. Bank v. Consolidated Communications,* pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit is pleaded with facts and cannot be aided by any principle of liberal construction. *See Mt. Zion St. Bank v. Consolidated Communications,* 169 Ill. 2d 110, 118-19 (1995).

61. Pro Se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit enumerates a list of prima facie evidence, which has been attached on Exhibits A-G.

62. If an Illinois Circuit Court Judge grants pro se Plaintiff Jerico Matias Cruz to issue and use the power of subpoena and expert witness during the cross-examination of prima facie evidence, then pro se Plaintiff Jerico Matias Cruz and Defendants Forest Glen Animal Hospital, et al. have authorities to answer to discovery, interrogatories, and/or depositions during the arraignment or at a later date and time through motions and/or petitions.

63. Any additional supporting evidence will be attached on Exhibit and/or Affidavit.

64. Previous adjudicated civil cases or common laws relevant to pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit are allowed to be cited or mentioned or referenced on written statement and/or oral argument for cross-

FILED DATE: 12/20/2024 2:50 PM 2023L008954

examination of prima facie evidence and other supporting evidence, including testimonies, expert witnesses, et cetera.

65. Any violation of the Rules of the Supreme Court of Illinois, Illinois Rules of Evidence and Code of Civil Procedure of Illinois cannot be waived and be granted by Circuit Court Judge(s), and therefore, pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act Lawsuit is subject to dismissal, ditto to Defendants Forest Glen Animal Hospital, et al.'s answer, counterclaim, or reply to pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit.

## ARGUMENT

I.  **Pursuant to 735 ILCS 5/2-603, pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit contains a plain and concise statement of well-pleaded facts with a cause of action.**

66. Pro Se Plaintiff Jerico Matias Cruz electronically files a first amended complaint of the Slander and Libel Act lawsuit against Defendants Forest Glen Animal Hospital, et al. for $100,000.00 monetary damages, punitive damages and other relief of the alleged incident of defamation, public humiliation and public accommodation discrimination in the premises of Defendant Forest Glen Animal Hospital on Friday, March 25, 2022. *See* Exhibits A-G. Pro Se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act lawsuit contains a plain and concise statement of his complaint or pleading's cause of action in support with prima facie evidence and material facts, which are attached on Exhibits A-G, pursuant to 735 ILCS 5/2-603(a). *See* 735 ILCS 5/2-603(a); Exhibits A-G.

"All pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply." 735 ILCS 5/2-603(a).

II.     **Pursuant to Section 1-21-010 of the Chicago Municipal Code, Defendants Forest Glen Animal Hospital, et al. intentionally and negligently provide fraudulent and false statements in oral and writing to cover their human rights and public accommodation discrimination and violation during the human rights investigation.**

67. Pro Se Plaintiff Jerico Matias Cruz did not walk-in into Defendants Forest Glen Animal Hospital prior to March 25, 2022 in contrast to Defendants Forest Glen Animal Hospital, et al.'s fraudulent and false statements in oral and writing communicated to the State of Illinois Department of Human Rights. *See* Exhibits A-G. On or about March 25, 2022, pro se Plaintiff Jerico Matias Cruz walk-ins twice to Defendant Forest Glen Animal Hospital's facility with and without his service animal trainee named Quanta to inquire about prices of X-Ray and physical examination. *See* Exhibits A-G. First, pro se Plaintiff Jerico Matias Cruz walk-ins into Defendant Forest Glen Animal Hospital without a mask as the Illinois Governor's Executive Order for COVID-19 pandemic protocol is lifted, except for hospitals and medical clinics that include the animal hospital. *See* Exhibits A-G. Defendants Forest Glen Animal Hospital's manager named Natalie [Unknown Last Name] advises pro se Plaintiff Jerico Matias Cruz to put his mask on, and so, pro se Plaintiff Jerico Matias Cruz complies with mask policy of the animal hospital. *See* Exhibits A-G. Second and last, pro se Plaintiff Jerico Matias Cruz returns to his 2006 Black Honda Pilot to pick-up his service animal trainee named Quanta for Defendants Forest Glen Animal Hospital, et al. to see and to better understand the perspective of pro se Plaintiff Jerico Matias Cruz's questions and concerns about the prices of X-ray and

FILED DATE: 12/20/2024 2:50 PM   2023L008954

FILED DATE: 12/20/2024 2:50 PM  2023L008954

physical examination for Quanta's well-being. *See* Exhibits A-G. However, Defendants Forest Glen Animal Hospital, et al. seem unaware of the material facts or prima facie evidence or preponderance of evidence of the chronological events of pro se Plaintiff Jerico Matias Cruz's walk-ins to Defendant Forest Glen Animal Hospital's facility prior to March 25, 2022. *See* Exhibits A-G. Pro Se Plaintiff Jerico Matias Cruz has not visited Defendant Forest Glen Animal Hospital's facility prior to March 25, 2022 as Defendants Forest Glen Animal Hospital, et al. intentionally and negligently act or omit or lie about the material facts and chronological order of events pro se Plaintiff Jerico Matias Cruz's visits or walk-ins to the animal hospital; pro se Plaintiff Jerico Matias Cruz has been living to Chicago North Mayfair neighborhood or an Illinois resident for more than twenty (20) years prior to this alleged incident of public accommodation discrimination, pursuant to Section 1-21-010(d)(ii) of the Chicago Municipal Code. *See* Section 1-21-010(d)(ii) of the Chicago Municipal Code; Exhibits A-G.

> "For the purpose of Chapter 1-21 of this Code, a person knowingly makes a false statement of material fact when that person makes a statement of material fact with knowledge of facts or information that would cause a reasonable person to be aware that the statement was false when it was made..." Chicago Code Section 1-21-010(d)(ii).

**III.**    **Pursuant to 740 ILCS 145/2, Defendants Forest Glen Animal Hospital, et al. have sworn falsely or utterly published words with false statements against pro se Plaintiff Jerico Matias Cruz that maliciously intent to discriminate, defame, and humiliate in order to damage pro se Plaintiff Jerico Matias Cruz's reputation during the administrative or judicial proceedings.**

68. Defendants Forest Glen Animal Hospital, et al. intentionally and negligently write and enter fraudulent and false statements with willful and wanton misconduct to maliciously

FILED DATE: 12/20/2024 2:50 PM   2023L008954

defraud and derail the human rights investigation of the State of Illinois Department of Human Rights. *See* Exhibits A-G. Pro Se Plaintiff Jerico Matias Cruz has not visited or walked-in into Defendants Forest Glen Animal Hospital's facility on or about March 21, 2022 and March 22, 2022 because pro se Plaintiff Jerico Matias Cruz because the alleged incident at the Old Orchard Apple Store, Skokie, Illinois has occurred on March 23, 2022 as the Village of Skokie Department of Police states in the Original Case Incident Report No. 22-02370, which is dated on March 23, 2022. *See* Exhibits A-G. The Village of Skokie Department of Police peace officers Irwin and Medina and the Village of Skokie Department of Animal Control officer named Maggi state that "Quanta did not have any visible injuries. Cruz provided Maggi with Quanta's vaccination records." *See* Exhibits A-G. To verify, validate and confirm the Village of Skokie Department of Animal Control officer named Maggi's statements in the joined police report, pro se Plaintiff Jerico Matias Cruz has scheduled and prepaid $45.00 out of $90.00 of a wellness examination without X-ray with the Paws and Feathers Veterinary Clinic, Inc., dated March 24, 2022, and visits Defendant Forest Glen Animal Hospital, which is closer to pro se Plaintiff Jerico Matias Cruz's physical and mailing address at 5135 N Keating Ave, Chicago, IL 60630, to inquire about different prices for X-ray and physical examination for service animal trainee named Quanta. *See* Exhibits A-G. Paws and Feathers Veterinary Clinic, Inc. verifies, validates and confirms the physical examination results of the Village of Skokie Department of Animal Control officer named Maggi, dated March 28, 2022, and states the following: "(1) General appearance: Bright, alert and responsive; (2) hydration: Hydration appears normal; (3) eyes: Corneas clear, pupils normal size, symmetrical, sciera white, no occular discharge; (4) ears: No exudate

observed, no redness present; (5) oral cavity: Teeth are free from excessive tartar, no gingivitis present; (6) nasal cavity: No obvious abnormalities observed; (7) cardiovascular: Regular rhythm; no murmur detected; (8) respiratory: Lungs auscultate clear bilaterally; trachea clear; (9) abdomen: abdomen palpates normally; no pain, tenderness or masses on palpation; (10) rectal: did not perform rectal exam; (11) musculoskeletal: normal ambulation; (12) integument: Normal amount of shedding; skin looks normal; hair coat in good condition; (13) lymph nodes: Lymph nodes are all normal size; (14) urogenital: External genitalia appears normal; bladder palpates normally; and (15) neurologic: No apparent abnormalities." *See* Exhibits A-G. Defendants Forest Glen Animal Hospital, et al. have committed multiple counts of false statements, as required by Section 1-21-010(d)(ii) of the Chicago Municipal Code, with intent to mislead the human rights investigation and defame pro se Plaintiff Jerico Matias Cruz during the investigation process. *See* Exhibits A-G. Pro Se Plaintiff Jerico Matias Cruz is not "loud, rude, and animated, waving his arms around," as Defendants Forest Glen Animal Hospital, et al. have intentionally falsified their statements with the investigation report of the State of Illinois Department of Human Rights because 16th District CPD peace officer Kessel's body-worn camera footage suggested otherwise. *See* Exhibits A-G. It is confirmed that pro se Plaintiff Jerico Matias Cruz, who has prepaid $45.00 to set up an appointment for wellness examination without an X-ray for his service animal trainee named Quanta, dated March 28, 2022, has a scheduled appointment with Paws and Feathers Veterinary Clinic, Inc.; it is confirmed that pro se Plaintiff Jerico Matias Cruz has visited Defendant Forest Glen Animal Hospital's facility to inquire the different pricing options for X-ray with or without physical examination, dated March 25, 2022; it

is confirmed that pro se Plaintiff Jerico Matias Cruz's service animal trainee named

Quanta's wellness examination does not have X-ray, and so, pro se Plaintiff Jerico Matias

Cruz has visited Defendant Forest Glen Animal Hospital's facility for inquiries about X-

ray and physical examination, dated March 25, 2022; it is also confirmed that pro se

Plaintiff Jerico Matias Cruz emails PAWS Chicago Lurie Spay/Neuter Clinic, dated

March 25, 2022, about inquiries about X-ray and physical examination prices and PAWS

Chicago Lurie Spay/Neuter Clinic has responded and provided different animal hospitals

and clinics that have emergency services and other medical services for animals, dated

March 27, 2022. *See* Exhibits A-G. Moreover, on or about June 14, 2022, pro se Plaintiff

Jerico Matias Cruz is devastated when he sees his service animal trainee named Quanta

dies from heatstroke due to heatwaves between June 13, 2022 and June 15, 2022;

Defendant Forest Glen Animal Hospital's DVM Barichello concluded that Quanta's

cause of death, also known as, necropsy, is [sic] heatstroke; on or about June 14, 2022,

the weather forecast and temperature and actual temperature throughout the day is

between 69 degrees Fahrenheit and 98 degrees Fahrenheit in the afternoon; and the

weather forecast also reveals there is a heatwave between June 13, 2022 and June 15,

2022 in which the actual temperature goes beyond 100 degrees Fahrenheit in the

afternoon data in accordance with www.weather.gov. *See* Exhibits A-G. Pro Se Plaintiff

Jerico Matias Cruz tries to revive his service animal trainee named Quanta by pouring

cold water as Defendants Forest Glen Animal Hospital, et al. state, "…On June 14, 2022,

Complainant…walk-ins emergency basis, carrying his puppy, that was soaking wet and

in rigor mortis…" *See* Exhibits A-G. However, pro se Plaintiff Jerico Matias Cruz's

service animal trainee named Quanta has not received emergency services from

Defendants Forest Glen Animal Hospital, et al. aside from determining the cause of death of Quanta by DVM Barichello, and not even an IV Fluid or an equipment of the animal hospital is used to review Quanta. *See* Exhibits A-G. Defendants Forest Glen Animal Hospital, et al. state, "Respondent maintains that despite their previous interactions with Complainant, he received services for which he was not billed." *See* Exhibits A-G. DVM Barichello uses her hands and observes Quanta, whether Quanta is worth reviving based on his medical conditions. DVM Barichello determines that Quanta should have been sent to an emergency an hour before pro se Plaintiff Jerico Matias Cruz's arrival at 6:00 PM CST, dated June 14, 2022, to the animal hospital. DVM Barichello determines that Quanta is dead on arrival to the animal hospital. In addition, pro se Plaintiff Jerico Matias Cruz returns from collecting signatures for his political candidacy as an independent candidate for the IL-5[th] Congressional District, dated June 14, 2022. Eventually pro se Plaintiff Jerico Matias Cruz submits an online pick-up of a dead animal remains before the city of Chicago Department of Street and Sanitation; on or about June 15, 2022, the city of Chicago Department of Street and Sanitation has finally pick-up his service animal trainee named Quanta's remains in front of 5135 N Keating Ave, Chicago, IL 60630 after declining for cremation from Defendants Forest Glen Animal Hospital, et al. (Pro Se Plaintiff Jerico Matias Cruz has a conversation to Defendants Forest Glen Animal Hospital, et al.'s managed named Natalie [Unknown Last Name] about cremation prices, while pro se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta is being seen by DVM Barichello. Pro Se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta is not a hazard to the public health and safety of Chicago residents in contrast to Defendants Forest Glen Animal Hospital, et al.'s presumptive judgment of

FILED DATE: 12/20/2024 2:50 PM   2023L008954

hysteria of carrying diseases that will infect other animals and staff in the animal hospital because Quanta's vaccinations are up-to-date, including his rabies vaccinations and other vaccinations. *See* Exhibits A-G.) Therefore, Defendants Forest Glen Animal Hospital, et al. have shown in their oral and written statements with the State of Illinois Department of Human Rights' investigation report about their intent to defraud or corrupt the human rights investigation and to falsely sworn or utterly published words with false statements against pro se Plaintiff Jerico Matias Cruz that maliciously intent to discriminate, defame, and humiliate in order to damage pro se Plaintiff Jerico Matias Cruz's reputation during the administrative or judicial proceedings pursuant to 740 ILCS 145/2. *See* 740 ILCS 145/2; Exhibits A-G.

> "It shall be deemed slander, and shall be actionable, to charge any person with swearing falsely, or with having sworn falsely, or for using uttering or publishing words of, to or concerning any person, which, in their common acceptation, amount to such charge, whether the words, be spoken in conversation of, and concerning a judicial proceeding or not." 740 ILCS 145/2.

IV.   **Pursuant to 740 ILCS 145/3, Defendants Forest Glen Animal Hospital, et al.'s unproved allegations of the truth of the matter show malicious intent or hostile intent with preponderance of prima facie evidence and material evidence in support of pro se Plaintiff Jerico Matias Cruz's first amended complaint of the slander and libel act lawsuit.**

69. Defendants Forest Glen Animal Hospital, et al.'s unproved allegations of the truth of the matter have been repeatedly occurred during the administrative or judicial proceedings. *See* Exhibits A-G. The State of Illinois Department of Human Rights' investigation report indicates that false statements in writing and entry by Defendants Forest Glen Animal Hospital, et al. have occurred and are intentional by nature. *See* Exhibits A-G. For

FILED DATE: 12/20/2024 2:50 PM   2023L008954

FILED DATE: 12/20/2024 2:50 PM 2023L008954

instance, pro se Plaintiff Jerico Matias Cruz is not physically present in the animal

hospital of Defendants Forest Glen Animal Hospital, et al. between March 21, 2022 and

March 24, 2022; pro se Plaintiff Jerico Matias Cruz has not repeatedly entered the facility

of Defendants Forest Glen Animal Hospital, et al. between March 21, 2022 and March

24, 2022. *See* Exhibits A-G. DVM Barichello has not provided emergency services to pro

se Plaintiff Jerico Matias Cruz's service animal trainee named Quanta, and therefore, pro

se Plaintiff Jerico Matias Cruz is not required to pay any animal hospital bills, dated June

14, 2022. *See* Exhibits A-G. Therefore, Defendants Forest Glen Animal Hospital, et al.'s

unproved allegations of the truth of the matter show malicious intent or hostile intent with

preponderance of prima facie evidence and material evidence in support of pro se

Plaintiff Jerico Matias Cruz's first amended complaint of the slander and libel act lawsuit

pursuant to 740 ILCS 145/3. *See* 740 ILCS 145/3; Exhibits A-G.

> "In actions for slander or libel, an unproved allegation of the truth
> of the matter charged shall not be deemed proof of malice, unless
> the jury, on the whole case, find that such defense was made with
> malicious intent. And it shall be competent for the defendant to
> establish the truth of the matter charge by a preponderance of
> testimony." 740 ILCS 145/3.

## CONCLUSION

WHEREFORE, pro se Plaintiff Jerico Matias Cruz prays to or before the Clerk of the

Circuit Court of Cook County, Law Division, First District and Judge Michael F. Otto to grant

pro se Plaintiff Jerico Matias Cruz's first amended complaint of the Slander and Libel Act

lawsuit against Defendants Forest Glen Animal Hospital, et al. for $100,000.00 monetary

damages of the alleged incident of defamation in the premises of Defendant Forest Glen Animal

Hospital on Friday, March 25, 2022, pursuant to 735 ILCS 5/2-603(a), 740 ILCS 145/2 and 3,

with the following relief:

FILED DATE: 12/20/2024 2:50 PM   2023L008954

(1) Issue a court order for a temporary injunction against Defendants Forest Glen Animal Hospital, et al. during the civil jury trial or bench trial;

(2) Issue a court order for permanent injunction against Defendants Forest Glen Animal Hospital, et al. after the completion of adjudicating the civil jury trial or bench trial;

(3) Issue a court order to pay $100,000.00 for monetary damages, moral exemplary damages and reputational damages against Defendants Forest Glen Animal Hospital, et al.;

(4) Issue a court order for punitive damages against Defendants Forest Glen Animal Hospital, et al. as results of moral exemplary damages and reputational damages that lead to economic loss and emotional distress;

(5) Other relief(s), such as injunction and declaratory relief, and attorney's fees only if pro se Plaintiff Jerico Matias Cruz allows to be represented by an independent licensed attorney or a third-party law firm.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies that the statements set forth herein are true and correct.

Dated: December 20, 2024                    Respectfully Submitted by,

/s/ Jerico Matias Cruz
Jerico Matias Cruz
5135 N Keating Ave
Chicago, IL 60630
(312) 600-8678
(847) 906-3123
theconsultantoo0oo@gmail.com
Or j-cruz7@neiu.edu
Or jmcruz2@uic.edu
Or jcruz156@student.ccc.edu
Atty. No. 99500